**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROSA ALBA ENTZA CHUPE,

     Petitioner,

v.

     Case No. 2:26-cv-00318-MIS-JMR

PAMELA BONDI, in her official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director, Bureau of Immigration, Customs, and Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Director, El Paso Field Office, Immigration and Customs Enforcement; and WARDEN, Otero County Detention Center,

     Respondents.

### ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Rosa Alba Entza Chupe's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed February 9, 2026. The record reflects that the Clerk's Office served Respondents Pamela Bondi, Todd M. Lyons, and Mary De Anda-Ybarra ("Federal Respondents"),[1] with the Petition on February 9, 2026, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2. A day later, February 10, 2026, the Court issued an Order to Show Cause ("Order") which, inter alia, instructs that "within **ten (10) business days**, the United States Attorney's Office for the

---

[1]    Respondent Warden of the Otero County Detention Center did not appear or file a response in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

District of New Mexico shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted." Order at 2, ECF No. 3. To date, no Federal Respondent has responded to the Petition or otherwise shown cause why the Petition should not be granted. Consequently, the Court will treat the Petition as uncontested and **GRANT** the Petition.

Additionally, and alternatively, the Court has carefully reviewed the Petition and, accepting the facts as true and uncontested, the Court finds that relief should be granted on the merits for the reasons articulated by this Court in Lopez-Romero v. Lyons, Case No. 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026).

Accordingly, it is **HEREBY ORDERED** that:

1.  Petitioner Rosa Alba Entza Chupe's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.  Respondents are **ORDERED** to immediately release Petitioner from detention;

3.  Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4.  Respondents **SHALL NOT** impose any new condition of release;

5.  Counsel for Federal Respondents **SHALL** provide a copy of this order to Counsel for the Warden of the Otero County Detention Center;

6.  Respondents **SHALL** file a Notice of Compliance with this Order; and

7.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3